## ATCHISON, T. & S. F. RY. CO. v. JOHNSON.

No. 12683—Opinion Filed April 29, 1924.

**1. Carriers—Right to Charge Demurrage.**

A railway company has the right, under supervision of the Corporation Commission, to charge demurrage for the unreasonable detention of its cars, in unloading freight, where such unreasonable detention is attributable to the fault of the consignee.

**2. Same—Sufficiency of Notice to Party Designated.**

It is no defense to an action for the recovery of demurrage that the defendant, after the shipment was made, obtained the bill of lading, and is the owner of the freight, and had no notice of the arrival of the freight, where due notice was given to the original consignee as provided by the terms of the bill of lading. By obtaining the bill of lading and accepting the freight thereunder, the defendant assumed the liabilities as well as acquiring the rights of the consignee under the bill of lading.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by the Atchison, Topeka & Santa Fe Railway Company against W. B. Johnson. Judgment for defendant, and plaintiff brings error. Judgment reversed and remanded, with directions.

Cottingham, McInnis & Green and F. G. Anderson, for plaintiff in error.

Harry O. Glasser and Nathan Scarritt, for defendant in error.

Opinion by JARMAN, C. This action was commenced in the district court of Garfield county by the Atchison, Topeka & Santa Fe Railway Company, a corporation, against W. B. Johnson to recover the sum of $50, accrued demurrage on a car of oats. Judgment was for the defendant, and the plaintiff brings error.

The admitted facts in this case are: the defendant resided at Enid, Okla.; on August 3, 1917, he purchased a car of oats from the Bowers-Venus Grain Company of Muskogee, Okla., and it was agreed between these parties that the car of oats was to be delivered at Enid on the Frisco Railroad, where the defendant had his elevator. To fill this order the Bowers-Venus Grain Company purchased a car of oats from the Porter Mill & Elevator Company at Porter, Okla. The Porter Mill & Elevator Company then shipped the oats in a M., K. & T. car, No. 8342, and consigned the same to "Order of Porter Mill & Elevator Co., destination, Enid, State of Okla., notify Bowers-Venus Grain Company at Enid, State of Okla." The car moved over the M., K. & T. Ry. from Porter to Guthrie, and from Guthrie to Enid, over the road of the plaintiff, and arrived at Enid on August 11, 1917; the agent of the plaintiff at Enid immediately deposited in the United States mail a postal notice addressed to the "Bowers-Venus Grain Company, Enid, Oklahoma," notifying them of the arrival of the car of oats. The bill of lading was attached to a draft, drawn by the Bowers-Venus Grain Company on the defendant for the purchase price of the oats, and was forwarded to one of the banks at Enid for collection. On August 9, 1917, the defendant paid the draft and took up the bill of lading. The defendant looked for the car of oats to arrive at Enid over the Frisco road, according to the agreement he had with the Bowers-Venus Grain Company at the time the oats were bought, but learned on August 29, 1917, that the oats had arrived over the road of the plaintiff and had been on its tracks at Enid since August 11th, and the defendant on August 29th surrendered the bill of lading and got the car of oats. At this time $50 demurrage charges had accrued on the car.

The plaintiff contends that under this state of facts the court erred in refusing to render judgment in its favor for the $50 demurrage charges.

The trial court found that it was the duty of the agent of the plaintiff at Enid to have notified the consignor of the failure of the consignee to receive the car, and that the plaintiff was guilty of negligence in failing to so notify the consignor, or to ascertain the whereabouts of the Bowers-Venus Grain Company and notify it. The court further found that the delay in unloading the car was not attributable to the fault of the consignee or the defendant. It is well recognized and settled that a railroad company has a right to make a reasonable charge for unreasonable detention of its cars, and the general rule is found in 4 R. C. L. 317, as follows:

"* * * The weight of authority now clearly sustains the right of a railroad company to make a reasonable charge for the unreasonable detention of its cars by consignees, when by custom or contract the latter are to unload the goods, even in the absence of a stipulation therefor in the contract. This is on the theory that consignees impliedly contract to submit to all reasonable rules adopted by a railroad company for the regulation of shipments and the rules or regulations providing for demurrage are not only manifestly promotive of justice to the carrier, but are also of the highest public importance, as only by their adoption and strict enforcement can promptness, uniformity and safety in the railroad traffic business of the country be secured. But no demurrage can be exacted by a carrier unless the delay in unloading is clearly attributable to the fault of the consignee."

Under the tariffs, filed with and approved by the Corporation Commission, demurrage was chargeable on this shipment after 48 hours' free time exclusive of Sundays and legal holidays, computed from the first seven a. m. after notice to consignee of arrival of the shipment at its destination; and, under the rule above announced, the consignee, Bowers-Venus Grain Company, impliedly contracted to submit to this rule.

Under our Constitution, the Corporation Commission has the authority to prescribe rules and regulations for assessment of demurrage charges by railroad companies operating in this state. It is the contention of the plaintiff that it fully complied with the requirements of the Corporation Commission with reference to the giving of notice of the arrival of the car of oats at Enid. Order No. 167 of the Corporation Commission prescribes rules governing demurrage and storage, and, with reference to the notice that is required of the arrival of a car at its destination, the Corporation Commission, in subdivision (d) of paragraph 4 of order No. 167, has prescribed the following rule:

"d. When consignors ship goods to themselves or to their order, written notice mailed to the consignee at the point of delivery shall be taken and held to be sufficient legal notice."

It will be observed from the foregoing statement of facts that the plaintiff complied strictly with this rule, but the defendant contends that this rule has reference to the notice that is required to terminate the railroad's liability as an insurer and fix the beginning of its liability as a warehouseman. We cannot agree with this contention because the style of the Order of the Corporation Commission, No. 167, containing the rule is, "Demurrage and Storage Rules," and the context shows clearly that said rule pertains to demurrage.

We do not believe the finding of the trial court that the detention of said car was attributable to the fault of the plaintiff is supported by the facts in the case. The plaintiff did not know that the defendant had any interest in the shipment until he surrendered the bill of lading and took up the car on August 29th; the plaintiff followed the instructions that were given it in the billing of the car by notifying the Bowers-Venus Grain Company at Enid. The defendant took up the bill of lading two days before the car arrived at Enid, and the bill of lading showed on its face that the consignor had instructed the plaintiff to notify the "Bowers-Venus Grain Company at Enid" of the arrival of the car; the defendant, upon procuring the bill of lading, became the owner of the car of oats and stepped into the shoes of the consignee, and it was his duty to have made inquiry of the notice of the arrival of the car at Enid. The plaintiff had a right to presume that the Bowers-Venus Grain Company would have some one at Enid to take up this car. If this car had contained perishable goods and the plaintiff had not notified the Bowers-Venus Grain Company at Enid, as it was instructed to do, of its arrival there, but instead had sought to learn the whereabouts of the Bowers-Venus Company, and the goods, during the meantime, had perished, then the plaintiff would be chargeable with the damages occasioned by the failure of the plaintiff to notify the Bowers-Venus Grain Company at Enid as required of it, and as it had contracted to do.

The entire trouble is due to the failure of the Bowers-Venus Grain Company to ship the oats to Enid over the Frisco as it agreed to; but the plaintiff is not responsible for that condition, for it did not know anything about the agreement between the defendant and the Bowers-Venus Grain Company, and did not know the defendant had anything to do with, or had any interest in, the shipment. The railroad company accepted the oats for transportation to Enid, and the shipper directed, and the company agreed, to notify Bowers-Venus Grain Company at Enid of the arrival of the car there. The railroad did all of this, and it is not its fault that the car stood on the tracks unloaded, but it was the fault of the consignee, and of the defendant, who stepped into the shoes of the consignee.

The judgment of the trial court is unsupported by the evidence in the case, and the same is reversed and the cause is remanded, with instructions to render judgment for the plaintiff for $50 demurrage.

By the Court: It is so ordered.